**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | |
|---|---|
| EUGENE SCALIA, | ) |
| SECRETARY OF LABOR, | ) |
| UNITED STATES | ) |
| DEPARTMENT OF LABOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. __20-2702__ |
| | ) |
| B.E.S.T. PACKING SERVICES, INC., | ) |
| D/B/A B.E.S.T. PACKING SERVICES, | ) |
| EVENDY SUJOKO AND ANDREAS | ) |
| HARYONO, | ) |
| | ) |
| | ) |
| Defendants. | ) |

_____

**COMPLAINT**

Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor

("Plaintiff") brings this action to enjoin B.E.S.T. PACKING SERVICES, INC., a corporation,

d/b/a B.E.S.T. PACKING SERVICES, EVENDY SUJOKO, individually, and as owner of the

aforementioned corporation, and ANDREAS HARYONO, individually, and as manager of the

aforementioned corporation (collectively, "Defendants"), from violating the provisions of

Sections 7, 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29

U.S.C. § 201, _et seq._ ("the Act"), and for a judgment against Defendants in the total amount of

back wage compensation found by the Court to be due to any of the employees of Defendants

pursuant to the Act and an equal amount due to the employees of Defendants in liquidated

damages.

1.      Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2.      Defendant B.E.S.T. PACKING SERVICES, INC., d/b/a B.E.S.T. PACKING SERVICES, is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with principal place of business at 2320 S. 22nd Street, Philadelphia, PA 19145. Defendant is engaged in providing temporary employees who work at various manufacturing facilities including Manfredi's Cold Storage and Distribution, Inc., which provides refrigerated warehousing and storage services.

3.      Defendant EVENDY SUJOKO is an owner of the corporation identified in Paragraph 2. Evendy Sujoko has directed employment practices and has directly or indirectly acted in the interest of B.E.S.T. Packing Services, Inc. (hereinafter "BEST") in relation to their employees at all times relevant herein. Evendy Sujoko helps to manage the business and set up policies in the interest of the employer in relation to the employees.

4.      Defendant ANDREAS HARYONO is a manager of the corporation identified in Paragraph 2. Andreas Haryono has directed employment practices and has directly or indirectly acted in the interest of BEST in relation to their employees at all relevant times herein. Andreas Haryono is responsible for the daily operation of the business and handles payroll in the interest of the employer in relation to the employees.

5.      The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

6.      Defendants have employed and are employing employees in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including

employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including produce. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of BEST are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

7.       Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

8.        Defendants paid employees who drove other employees to and from the jobsite a day rate that did not include overtime premiums.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1)      For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2)      For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of September19, 2016 to

September 15, 2019, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after September 15, 2019, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3)     In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

June 9, 2020                                              Respectfully submitted,

Mailing Address:                                        **UNITED STATES DEPARTMENT OF LABOR**

U.S. Department of Labor
Office of the Regional Solicitor
170 S. Independence Mall West              Kate S. O'Scannlain
Suite 630E, The Curtis Center                  Solicitor of Labor
Philadelphia, PA 19106                           Oscar L. Hampton III
                                                              Regional Solicitor
                                                              Adam Welsh
(215) 861-5128 (voice)                            Counsel for Wage and Hour
(215) 861-5162 (fax)
luby.andrea@dol.gov                              /s/ Andrea Luby
                                                              Andrea Luby
                                                              Senior Trial Attorney