# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> B.E.S.T. PACKING SERVICES, INC., D/B/A B.E.S.T. PACKING SERVICES, EVENDY SUJOKO AND ANDREAS HARYONO, <br><br> Defendants. | Civil Action No. 20-cv-2702 |

## CONSENT JUDGMENT

Plaintiff, Secretary of Labor, United States Department of Labor, hereinafter referred to as "Plaintiff" or "the Secretary," has filed his Complaint alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "the Act"). Defendants named above, hereinafter referred to as "Defendants" or "Employers," have appeared by counsel, waive formal service of process of the Summons and Complaint, waive their Answer and any defense which they may have and hereby agree to the entry of this Consent Judgment without contest. It is, therefore, upon motion of the attorneys for Plaintiff and for cause shown:

ORDERED, ADJUDGED, AND DECREED that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby

1

are, permanently enjoined and restrained from violating the provisions of Sections 206, 207, 211(c), and 215 of the Act, in any manner, specifically:

1.   Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Sections 6 and 15(a)(2) of the Act.

2.   Defendants shall not, contrary to Section 7 of the Act, employ any of their employees including, but not limited to, any of their employees working at Manfredi's Cold Storage or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them.

3.   Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at Manfredi's Cold Storage or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to Section 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.4.

4. Defendants shall not discharge or take any retaliatory action against any of their employees, whether or not directly employed by Defendants, because the employee engages in any of the following activities pursuant to Section 15(a)(3) of the Act:

i. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Employers or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

ii. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the Employers or another employer with whom there is a business relationship;

iii. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

It is further ORDERED, ADJUDGED and DECREED by the Court that:

5. Defendants are enjoined and restrained from withholding gross back wages in the sum amount **$24,652.30**, and are jointly and severally liable for the payment of **$24,652.30** in liquidated damages, due certain employees and former employees of Defendants set forth and identified in Schedule A, which is attached as Exhibit A hereto and made a part hereof.

6. Regarding the matter of the civil money penalty, Defendants have agreed that the amount currently due and payable is **$6,150.00** that they are jointly and severally liable for this amount, that such assessment has become the final order of the Secretary of the Department of Labor, and that they waive any and all rights to appeal or contest such assessment. As such,

Defendants shall pay pursuant to Section 216(e) of the Act, a civil money penalty in the amount of **$6,150.00** no later than thirty days (30) days after the entry of this Consent Judgment. Payment may be made online by ACH transfer, credit card, or debit card by going to https://www.pay.gov/public/form/start/77734139 or www.pay.gov.  Alternatively, payment may be made by certified check, bank check, or money order, payable to "Wage and Hour Division, U.S. Department of Labor," and mailed to the Northeast Regional Office, The Curtis Center, Suite 850 West, 170 S. Independence Mall West, Philadelphia, PA 19106-3323.

    7.    Defendants shall pay gross back wages and liquidated damages in the amount of **$49,304.60** for violations of the overtime provisions of the Act by Defendants alleged to have occurred during the period beginning September 19, 2016 to September 15, 2019 ("relevant period").  This amount shall represent the full extent of back wages and liquidated damages owed by Defendants for the relevant period to the employees set forth and identified on the attached Schedule A. It is further agreed that the overtime compensation and liquidated damage payments by the Defendants in the amounts as specified above are in the nature of back wages and liquidated damages pursuant to the provisions of the Act.  Defendants shall remain responsible for all tax payments considered to be the "employer's share," including, but not limited to, FICA.

    i.    The provisions of this Consent Judgment relative to back wage and liquidated damages payments shall be deemed satisfied when Defendants deliver to the designated representatives of the Plaintiff payment in the amount of **$49,304.60** within thirty (30) days of the entry of this Judgment by the Court.  Payment may be made online by ACH transfer, credit card, or debit card by going to https://www.pay.gov/public/form/start/77689032 or www.pay.gov.

Alternatively, payment may be in the form of a certified check, bank check, or money order made payable to the order of "**Wage and Hour Division – Labor**," and mailed to:

> U.S. Department of Labor, Wage & Hour Division
> The Curtis Center, Suite 850 West
> 170 South Independence Mall West
> Philadelphia, PA 19106-3317

The check or money order shall bear the following reference: **Case ID #: 1887891**

**B.E.S.T. Packing Services, Inc. d/b/a B.E.S.T. Packing Services.**

    ii. The Secretary, through the Wage and Hour Division, shall distribute the back wages (less any applicable federal taxes, withholdings, and deductions) and liquidated damages payments to the employees and former employees, or to their estates, as set forth in Schedule A. Schedule A will show for each individual the gross back pay due (subject to applicable legal deductions), and liquidated damages. Any sums not distributed to the employees or former employees on Schedule A, or to their estates, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Treasurer of the United States pursuant to 29 U.S.C. § 216(c).y in

    iii. To the best of their ability and based upon information it currently has in its possession, Defendants shall provide to Plaintiff the social security number and last known address of each employee or former employee due money under this Consent Judgment at the time of the initial lump sum payment.

    iv. The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named in Exhibit A, nor shall the provisions in any way affect any legal right of any individual named in Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

  8. Neither Defendants nor anyone on their behalf shall directly or indirectly solicit

or accept the return or refusal of any sums paid under this Consent Judgment. Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies. If recovered wages have not been claimed by the employee or the employee's estate within three years of the entry of this Consent Judgment, the Secretary shall deposit such money with the Treasury in accordance with Section 16(c) of the Act.

9. Further, the parties agree that the instant action is deemed to solely cover Defendants' business and operations for the relevant period for all claims raised in the Complaint as a result of the Secretary's investigation. The parties agree that the filing of this action and the provisions of this Judgment shall not, in any way, affect, determine, or prejudice any and all rights of any person specifically named on Schedule A or the Secretary for any period after September 15, 2019, or any persons, be they current or former employees, not specifically named on Schedule A, insofar as such rights are conferred and reserved to said employees by reason of Section 16(b) of the Act

10. Defendants agree that they are employers within the meaning of Section 3(d) of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

11. By entering into this Consent Judgment, Plaintiff does not waive his right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to Section 16(e) of the FLSA, with respect to any violations disclosed by such investigations.

It is FURTHER, ORDERED, ADJUDGED, AND DECREED that each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding

including, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.   The Clerk of Court shall close this case.

s/ Michael M. Baylson

UNITED STATES DISTRICT JUDGE

Dated: ____June 10____, 2020

Dated:                                                                Dated:

Defendants have appeared by counsel and hereby consent to the entry of this Judgment.

For Defendants B.E.S.T. Packing Services, Inc. d/b/a B.E.S.T. Packing Services, Evendy Sojuko, and Andreas Haryono

_____
Evendy Sujoco, individually and as President of B.E.S.T. Packing Services, Inc. d/b/a/ B.E.S.T. Packing Services

_____
Andreas Haryono, individually and as manager of B.E.S.T. Packing Services, Inc. d/b/a B.E.S.T. Packing Services

For the Secretary:

U.S. DEPARTMENT OF LABOR

/s Andrea Luby
_____
Andrea Luby
Senior Trial Attorney
U.S. Department of Labor
Office of the Regional Solicitor
170 S. Independence Mall West
Suite 630E
Philadelphia, PA 19106
215-861-5128
luby.andrea@dol.gov
PA Bar No. 321609

8

## SCHEDULE A

## B.E.S.T. Packing Services
## Summary of Back Wages and Liquidated Damages

|   | Name | Back Wages Due | Liquidated Damages | Total Due |
|---|---|---|---|---|
| 1 | Silva, Angel | $ 6,895.56 | $ 6,895.56 | $13,791.12 |
| 2 | Lim, Long | $849.06 | $849.06 | $1,698.12 |
| 3 | Cruz, Roberto | $6744.08 | $6744.08 | $13,488.16 |
| 4 | Lopez, Byron | $2,452.84 | $2,452.84 | $4,905.68 |
| 5 | Santos, Luis | $4,414.74 | $4,414.74 | $8,829.48 |
| 6 | Soto, José | $3,296.02 | $3,296.02 | $6,592.04 |
|   |   | $24,652.30 | $24,652.30 | $49,304.60 |